JOURNAL ENTRY and OPINION
{¶ 1} Robert Temple through counsel and J.C. Chisum, pro se as trustee, separately appeal from an order of the domestic relations court finding them in contempt for failing to comply with the court's October 23, 2001 order for Temple to advance $3,000.00 and necessary travel expenses to Bill Harwood, a court appointed expert, and for Chisum to reimburse Temple for these expenses, and imposing sentences of ten days in jail and fines of $5,000.00 for each appellant.
 {¶ 2} Temple argues that the court erred in failing to follow the procedures of R.C. 2705 and in denying him the opportunity to argue impossibility of performance. Chisum contends the court erred in finding him in contempt, alleging the order is void on its face, unconstitutional as a bill of attainder, constitutes a taking without due process of law, and violates the code of judicial conduct, and he further argues that the actions of the court gave the appearance of judicial impropriety, collusion, and conspiracy. A review of the record demonstrates that the order of October 23, 2001 had not been signed until October 29, 2001, and therefore could not have been the basis of a contempt finding. Accordingly, we reverse that decision.
 {¶ 3} The record here reveals that Catherine and Robert Temple were married in 1981 and in 1985, they created trusts, consisting of their marital home situated on a 400 acre farm, and Robert's income from his veterinary practice. Chisum is the successor trustee for these trusts.
 {¶ 4} On September 1, 2000, Catherine filed for divorce and named her husband and Chisum as defendants. Thereafter, on December 1, 2000, Chisum received Catherine's request for production of documents concerning the marital trusts, and on December 27, 2000, he moved for a protective order. Subsequently, Catherine moved for an immediate inspection of real estate, requesting that Chisum allow a real estate inspector to view the marital property. On that same day, the court granted Catherine's motion and sua sponte ordered Temple to pay $3,000.00, plus any necessary travel expenses, to Bill Harwood to value the marital property. That entry also ordered Temple to pay Harwood by October 26, 2001 and in turn ordered Chisum to advance funds to reimburse Temple. The court, however, did not sign that order until October 29, 2001.
 {¶ 5} Chisum received a copy of the court's unsigned order and a letter from Robert Temple on October 25, 2001. Temple did not advance any money to Harwood and Chisum advised him that the trust did not have funds on hand to reimburse him. On October 29, 2001, the parties appeared in court for trial. Prior to commencing trial, the court held a hearing on its October 23, 2001 order.
 {¶ 6} Robert told the court he had no funds available to advance to Harwood and that he had sent a letter to Chisum requesting funds to comply with the court order. Chisum testified he had received a copy of Catherine's motion and the court's order, but that the trust did not have liquid funds available to comply. The court then instructed Chisum and Robert that a recess would be held and that they would have 15 minutes to determine how they could comply with the court's order.
 {¶ 7} Following its recess, Chisum informed the court that he had no funds available to comply. The court then asked him if the trust could mortgage some of the trust property to pay for the appraiser. Chisum responded that he did not know, that he did not talk to any lenders. In response to the court's inquiry, Chisum stated that he would be able to sign a mortgage on the trust property. The court then found each in contempt, sentenced them to ten days in jail and fines of $5,000, and the sheriff jailed them.
 {¶ 8} On November 2, 2001, Temple and Chisum filed the instant notices of appeal. On November 5, 2001, we granted their motions for stay of execution upon each posting $3,000.00 cash or surety bond. However, they failed to post bond and therefore served the ten day sentences. Neither has paid the $5,000.00 fine nor purged the contempt by complying with the court's October 24, 2001 order.[1]
 {¶ 9} On appeal Chisum sets forth seven assignments of error arguing the court erred in finding him in contempt. Further, Temple contends that the trial court failed to follow procedures set forth in R.C. 2705 and erred in denying him the opportunity to argue impossibility of performance.
 {¶ 10} Thus, we are called to determine whether the court erred or abused its discretion in finding Temple and Chisum in contempt of court.
 {¶ 11} Civ.R. 58 provides in part:
 {¶ 12} "(A) Subject to the provisions of Rule 54(B), * * * upon a decision announced, * * * the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal. (Emphasis added). "(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal." (Emphasis added).
 {¶ 13} To show that a party is guilty of contempt of a prior court order, "it is necessary to establish a valid court order, knowledge of the order, and violation of it." Arthur Young Co. v. Kelly (1990),68 Ohio App.3d 287, 295. See, also, Citicaster Co. v. Stop 26-Riverbend,Inc., 147 Ohio App.3d 531, 2002-Ohio-2284. A finding of contempt absent a valid underlying order is "unreasonable, arbitrary or unconscionable,"Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, and thus an abuse of discretion. A court speaks through its journal and not oral pronouncements which are subject to change before an entry of judgment.Kaine v. Marion Prison Warden, 88 Ohio St.3d 454, 455, 2000-Ohio-381.
 {¶ 14} Our review of the October 23, 2001 court order reveals it does not qualify as a judgment under the criteria set forth in Civ.R. 58. In this case, the transcript of the contempt hearing reveals that the court acknowledged its October 23 order had not been signed until October 29, 2001. The following colloquy took place:
 {¶ 15} "What are you holding up?
 {¶ 16} "THE COURT: What I am holding up is a motion of plaintiff's for immediate order of inspection of real estate filed 10/23/2001, and it is hereby granted in this matter that an appraiser go to the home on October 26, 2001.
 {¶ 17} "MS. HELMAN: We wanted to be very clear that we would be there so everybody would — so we didn't have to do the phone-call thing. The appraiser went there, there were cars on the property, nobody answered the door. So we couldn't get in.
 {¶ 18} "THE COURT: Unfortunately I didn't sign this until today." This fact is further confirmed by Chisum's affidavit which states in part: "the alleged order of 23 October was signed by [Judge] Celebrezze in open court on the 29th. . . ."
 {¶ 19} Since a court speaks through its journal, it is instructive to determine when the court journalized the questioned orders. The record reveals that the October 23, 2001 judgment entry is journalized at Vol. 3847 p. 0621, and it further reveals the entry of October 29, 2001 bears journalization at Vol. 3847 p. 0619, actually journalized prior to the October 23, 2001 court order. Here, we are persuaded the court did not journalize its October 23, 2001 order until October 29, 2001, and therefore, that order could not have been a basis for contempt. Secondly, we now remand this matter for the court to reconsider the matter of contempt after serving the parties with proper notice of its intent to conduct such a hearing if it chooses to do so.
 {¶ 20} We are also cognizant of other remedies available to the court, including Civ.R. 37 (B)(2)(b), which provides in part that,
 {¶ 21} "If any party * * * or managing agent of a party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 {¶ 22} "* * *
 {¶ 23} "(b) an order refusing to allow the disobedient party to support or oppose designated claims * * * or prohibiting him from introducing designated matters in evidence."
 {¶ 24} In accordance with the foregoing, the matter is reversed and remanded for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The October 24, 2001 order referred to by the court in its judgment entry of October 29, 2001 is actually the order dated October 23, 2001 that was signed by the court on October 29, 2001.